| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | COUGHLIN STOIA GELLER<br>　RUDMAN & ROBBINS LLP<br>TRAVIS E. DOWNS III (148274)<br>JAMES I. JACONETTE (179565)<br>JEFFREY D. LIGHT (159515)<br>BENNY C. GOODMAN III (211302)<br>MARY LYNNE CALKINS (212171)<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br>travisd@csgrr.com<br>jamesj@csgrr.com<br>jeffl@csgrr.com<br>bgoodman@csgrr.com<br>mcalkins@csgrr.com<br>　　– and –<br>SHAWN A. WILLIAMS (213113)<br>AELISH M. BAIG (201279)<br>100 Pine Street, Suite 2600<br>San Francisco, CA  94111<br>Telephone:  415/288-4545<br>415/288-4534 (fax)<br>swilliams@csgrr.com<br>abaig@csgrr.com<br><br>Lead Counsel for Plaintiffs |

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re SEMTECH CORPORATION DERIVATIVE LITIGATION<br><br>This Document Relates To:<br>　　SACV-06-990-CAS(FMOx)<br>　　SACV-06-991-CAS(FMOx) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master File No.<br>　CV-06-03510-CAS(FMOx)<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE:　　January 12, 2009<br>TIME:　　10:00 a.m.<br>COURTROOM:  The Honorable<br>　　　　　Christina A. Snyder |

This matter came before the Court for hearing pursuant to the Order of this Court, dated October 6, 2008 ("Order"), on the application of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement, dated September 3, 2008 (the "Stipulation");

The Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement; the Court being fully advised of the premises and good cause appearing therefore, the Court enters this Final Judgment and Order of Dismissal With Prejudice.

IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Derivative Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the Notice of Proposed Derivative Settlement and the Summary Notice of Settlement (together, the "Notices") provided to Semtech stockholders constituted the best notice practicable under the circumstances. The Notices fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Federal Derivative Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in the Stipulation, and subject to the terms of the Separate Poe and Franz Release Agreement (Exhibit A to the Stipulation), the Company, on behalf of itself and its shareholders and its successors and assigns, shall be deemed to have each fully, finally and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of, each of the other Released Persons for the Released Claims; provided, however, that nothing set forth herein shall constitute a release by Semtech of any current or former director or officer from the responsibility or requirement, if any, to repay any advance of defense costs (including, but not limited to, attorney fees) or other payments made by Semtech to defend against any Proceeding, other than the Derivative Actions. Semtech expressly reserves the right to seek such repayment in Proceedings other than the Derivative Actions if such repayment is required or permitted under Semtech's articles of incorporation, by-laws, Delaware law, or any indemnification agreement, insurance policy, or similar agreement between Semtech, its insurers, and/or any such Individual Defendant or Released Person or other current or former officer or director. Nothing set forth herein shall constitute a release by Semtech of rights to contribution or equitable indemnity in connection with the federal securities class actions currently pending in the Court styled as *In re Semtech Corporation Securities Litigation*, Case No. 2:07-cv-07114-CAS-(FMOx) and any related, subsequently filed Proceeding. At the same time, nothing set forth herein constitutes a waiver by the Individual Defendants or Released Person of any right to advancement or indemnity required or permitted under Semtech's articles of incorporation, by-laws, Delaware law, or any indemnification agreement, insurance policy, or similar agreement between Semtech, its insurers, and/or any such Individual Defendant or Released Person or other current or former officer or director. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. Upon the Effective Date, as defined in the Stipulation, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors and assigns,

and Semtech's stockholders or any persons they represent, shall be deemed to have fully, finally and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of each of the Released Persons for the Released Claims (including Unknown Claims).

8. Upon the Effective Date, as defined in the Stipulation, each of the Individual Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, Semtech, and all of the Semtech stockholders (solely in their capacity as Semtech stockholders) from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. Upon the Effective Date, as defined in the Stipulation, each of the Individual Defendants will be forever barred and enjoined from commencing, instituting or prosecuting any or all claims (including Unknown Claims) against each and all of the Plaintiffs, Plaintiffs' Counsel, Semtech, and all of the Semtech stockholders (solely in their capacity as Semtech stockholders) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

10. The Court hereby approves the Fee and Expense Award in accordance with the Stipulation and finds that such fee is fair and reasonable.

11. Neither the Stipulation (including any exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a

concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other action or proceeding, whether civil, criminal or administrative. Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. During the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws, including California Code of Civil Procedure §128.7.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Final Judgment and Order shall be vacated, and all orders entered and releases delivered in connection with the Stipulation and this Judgment shall be null and void, except as otherwise provided for in the Stipulation.

15. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: January 12, 2009

THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE